**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Xiaoming Wu | ) | |
| | ) | |
| Appellant, | ) | Case No. 1:25-cv-00973 |
| | ) | Related Case No. 1:25-cv-01692 |
| v. | ) | 1:25-cv-02677 |
| | ) | |
| Adam Brief, Acting United States Trustee, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Debtor Attorney Xiaoming Wu's ("Appellant") appeal of the Bankruptcy Court's January 24, 2025, Order granting the U.S. Trustee Adam Brief's ("Appellee") Motion to Examine Fees in *In re Ollistine Jude-Weathersby*, Case No. 24- 03393, February 6, 2025 Order granting Trustee's Motion to Examine Fees in *In re Eddie J. Knighten, Jr.,* Case No. 24-03730, and February 18, 2025 Order granting Trustee's Motion to Examine Fees in *In re Amber Wright*, Case No. 24-03409. Having reviewed the briefings, the Court affirms the Bankruptcy Court's rulings.

**BACKGROUND**

**A. Sections 528 and 526 of the Bankruptcy Code**

"Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA or Act") to correct perceived abuses of the bankruptcy system. Among the reform measures the Act implemented are a number of provisions that regulate the conduct of 'debt relief agenc[ies]'—i.e., professionals who provide bankruptcy assistance to consumer debtors." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 231-32 (2010) (citing 11 U.S.C. §§ 101(3), (12A)). Those provisions include §§ 526 and 528.

1

Section 528 of The Bankruptcy Code requires a "debt relief agency," including debtors' attorneys, *Milavetz*, 559 U.S. at 239, to execute a written contract with a debtor within five days of first providing services, but before the filing of a bankruptcy petition. 11 U.S.C. § 528(a)(1). The contract must explain "clearly and conspicuously—(A) the services such agency will provide to such assisted person; and (B) the fees or charges for such services, and the terms of payment." *Id.*

In addition, under Section 526, bankruptcy attorneys may not: misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission: (A) the services that such agency will provide to such person; or (B) the benefits and risks that may result if such person becomes a debtor in a case under this title. 11 U.S.C. § 526(a)(3)(A) – (B). Section 526 also prohibits debt relief agencies, including attorneys, from making a statement in any filed document that "is untrue or misleading, or that upon the exercise of reasonable care, should have been known . . . to be untrue or misleading" or counsel their clients to do so. 11 U.S.C. § 526(a)(2).

A contract for bankruptcy assistance that does not comply with §§ 528 or 526 is void and may not be enforced by any federal or state court or by any other person, other than such assisted person. 11 U.S.C. § 526(c)(1).

## B. Role of United States Trustee

The United States Trustee is an official of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581 – 589. U.S. Trustees act as "watchdogs ... prevent[ing] fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95–595, 95th Cong. 1st Sess. at 88, 1978 U.S. Code Cong. & Admin. News pp. 5963, 6049.

## C. Agreements at Issue

Appellant is an attorney licensed to practice law in the State of Illinois who regularly represents debtors in chapter 7 and chapter 13 cases in the United States Bankruptcy Court for the Northern District of Illinois. Appellant utilizes split fee or bifurcated fee agreements when representing many

2

of his debtor clients. The practice requires the client to execute one engagement letter prior to the date that he or she files for bankruptcy and to execute a second engagement letter after he or she files his or her bankruptcy case.

When Ms. Ollistine M. Jude-Weathersby, Mr. Eddie Knighten, and Ms. Amber Wright (the "Debtors") separately retained Appellant, he required each of them to enter into substantially identical prepetition engagement letter (the "Prepetition Letter") prior to filing their bankruptcy petitions. Appellant's Prepetition Letters were not traditional engagement letters but were pre-printed contracts with check boxes and blank spaces to be completed manually once the Debtors and Appellant reached an agreement on the services to be provided and the cost associated with those services. In two cases, Mr. Knighten and Ms. Wright, Appellant charged $0 for prepetition services. In Ms. Jude-Weathersby's case, Appellant charged $430.00

The Prepetition Letters set forth the terms of Appellant's engagement by the Debtors for prepetition services, including his obligations as their bankruptcy attorney and the fees and costs that each Debtor was required to pay. Appellant executed his Prepetition Letter with Ms. Jude-Weathersby on March 2, 2024; with Mr. Knighten on February 7, 2024, and with Ms. Wright on March 2, 2024. Each Prepetition Letter provided that "[c]lient retains Attorney to counsel and represent Client for all purposes in the bankruptcy case, subject to exceptions in section 3. However, Attorney's representation of Client is conditioned on Client entering into an agreement after the filing of the case to pay Attorney for services rendered after the filing of the case." (Dkt 16-1 at *A-214, *A-30, *A-401.) The only excepted services listed in section 3 of the Prepetition Letter are "(1) adversary proceedings; (2) § 722 redemption; (3) judicial lien avoidance; (4) post discharge litigation; (5) appeals; (6) other _____." (*Id.*) Appellant excluded no additional services in the "other" line. (*Id.*)

In Accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure, Appellant completed and filed Form 2030 – Disclosure of Compensation of Attorney for Debtor(s) (the

3

"Prepetition Disclosures") in each of the Debtors' cases. Appellant also filed the Prepetition Letters on the docket of each bankruptcy case as attachments to the Prepetition Disclosures. Like the Prepetition Letters, the Prepetition Disclosures were substantially identical other than the payment terms and obligations. In paragraph 6, the Prepetition Disclosures indicate that for the prepetition fee paid, Appellant would "render legal services for all aspects of the bankruptcy case." (Dkt 16-1 at *A-85, *A-213, *A-400.) Below paragraph d, in paragraph 6, Appellant inserted the following language:

> Attorney's representation of debtor is conditioned on debtor entering into an agreement after the filing of the case to pay Attorney for services rendered after filing of the case. Should debtor fail to enter into such an agreement, the court may allow Attorney to withdraw from representation of debtor on motion of attorney.

(*Id.*) Appellant also inserted in paragraph 7 of the Prepetition Disclosures the following language: "Subject to Paragraph 6, I will provide legal services for all aspects of the case . . ."

Appellant then required each Debtor to execute a postpetition engagement letter (the "Postpetition Letter"). (*Id.* at *A-33, *A-217, *A-404.) The Postpetition Letters set forth the terms of Appellant's engagement by the Debtors for postpetition services, including his obligations as their bankruptcy attorney and the fees and costs that each Debtor was required to pay. Each Postpetition Letter was substantially identical other than the fees to be charged to each client. As required by Local Rule 2016-1, Appellant also filed the Postpetition Letters on the docket of each bankruptcy case and also filed a supplemental disclosure of compensation, Form 2030 – Supplemental Disclosure of Compensation of Attorney for Debtor(s) (the "Postpetition Disclosure") in each case. Appellant's Postpetition Disclosures disclosed the fees that he charged each Debtor for the services enumerated on the Postpetition Disclosure, consisting only of "Preparing & Filing of Schedules, Statements, Reaffirmation Agreements, Applications as needed, and Representation of Debtor at 341 Meeting of Creditors." (Dkt. 16-1 at *A-32, *A-216, *A-403.) The services enumerated on the Postpetition

4

Disclosures were the same services he already agreed to provide each Debtor when he obligated himself to provide "legal services for all aspects of the case" in the Prepetition Letters.

### D. Trustee's Motions to Examine Fees

In each case, the United States Trustee filed Motions to Examine Fees Paid, or to be Paid, to Attorney Pursuant to 11 U.S.C. § 329(b); Void Contracts Pursuant to 11 U.S.C. § 526, Enjoin Violations of 11 U.S.C. § 528; and Impose Appropriate Civil Penalties. (Dkt . 16-1 at *A-11 – *A 34, *A-192 – *A 218, *A-380 – *A-405.) In his Motions, the United States Trustee sought: (i) to examine the reasonableness of Appellants' fees under § 329, (ii) to find Appellants'' contracts void pursuant to § 526 because they violated both §§ 526 and 528, and (iii) to enjoin Appellant from continuing to use the same form of Prepetition Letters and Postpetition Letters because of his clear and consistent pattern of violating §§ 526 and 528. The bankruptcy court held separate trials on the Motions on October 23, 2024. Each of the Debtors testified at the trials in their respective cases. The bankruptcy court admitted all of the United States Trustee's exhibits into evidence. Appellant did not present any evidence in support of his defense.

The bankruptcy court issued a separate Memorandum Opinion on Motion to Examine Fees of Debtor's Attorney and accompanying order in each case on different dates. In its Opinions, the court found that Appellant violated §§ 526 and 528 in the Jude-Weathersby and Knighten cases and violated § 526 in the Wright case. The Court determined Appellant violated § 526 in all three cases because "his promises to perform the same services in both the prepetition contract and the postpetition contract are misleading because it is not clear whether he was to perform those services prepetition or postpetition." (Dkt 16-1 at *A-99, *A-273, *A-459.) The Court emphasized Appellant's failure "to make clear in the Contract for Postpetition Services that he was already obligated to represent the Debtor pursuant to the Attorney Retention Contract" violated § 526. (*Id.*) Likewise, in Jude-Weathersby and Knighten, the bankruptcy court's opinions explain that Appellant violated § 528

by failing to provide a clear and conspicuous contract that explains the services to be provided and discloses the terms of payment. Appellant's promise "to perform identical services in each agreement" makes it "difficult to determine what he was supposed to do and when." (Dkt. 16-1 at *A-105, *A-278.) The bankruptcy court found it was not necessary to determine the reasonable value of Appellant's services as otherwise required by § 329 because it found the contracts to be void under § 526(c). (*See id.* at *100, *274, *460.)

Appellant timely appealed the three decisions and the Court granted Appellee's unopposed Motion to Consolidate the three appeals on March 24, 2025. Appellant asks the Court to address the following issues on appeal: (1) whether Appellant violated U.S.C. §§ 526 and 528 through his Attorney Retention Contracts and (2) whether the bankruptcy court was clearly by holding that the client's obligation under the postpetition contract dischargeable.

**LEGAL STANDARD**

Federal district courts have jurisdiction over appeals from final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). District courts review the bankruptcy court's legal conclusions de novo and factual findings for clear error. *See In re Chicago Mgmt. Consulting Grp., Inc.*, 929 F.3d 804, 809 (7th Cir. 2019). In other words, the Court will not reverse the bankruptcy court's factual determinations so long as they are "plausible" and based on the record, even if this Court would have decided differently. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

**DISCUSSION**

I. **Findings that Appellant Violated 11 U.S.C. §§ 526 and 528**

Appellant contends that his Prepetition Letters cannot be held to violate 11 U.S.C. §§ 526 or 528 because the language he included in his contracts comes directly from Local Rule 2040-4(B). (*See* Dkt. 15 at *9.) Local Rule 2040-4(B) (***emphasis added***) provides:

> Counsel who represents the debtor upon the filing of a petition in bankruptcy is deemed to appear as attorney of record on behalf of the debtor ***for all purposes in***

*the bankruptcy case*, including any contested matter and any audit, but is not deemed to appear in any adversary proceeding filed against the debtor.

First, Appellant argues that he did not intentionally create the misleading nature of his Prepetition and Postpetition Letters, but merely derived the language at issue, "[c]lient retains Attorney to counsel and represent Client *for all purposes in the bankruptcy case*," from the Local Rule. (Dkt. 15 at *10.) Appellant argues that all he did, "by mistake in retrospect," was incorporate this language in a good-faith effort to comply with the law—not as a means to "mislead" or "confus[e]" his clients. (Dkt. 15 at *10). He also emphasizes that none of his clients made any complaint about his fee arrangements, quality of his services, or suffered any injury, even if they may not be able to "articulate the fee arrangement in a legally precise manner." (Dkt. 15 at *10.) "The only one who complained about the 'confusion' of Appellant's contracts is the U.S. Trustee, a non-party to the contracts." (*Id.*)

Second, Appellant argues the Prepetition Disclosure form, 2030, is not designed to handle split-fee filings because, on its face, it covers the entire case. (Dkt. 15 at *11.) Appellant notes that while practitioners can make changes to that form when filing it with the petition, the leading sentence of ¶ 5 of Form 2030, "[i]n return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy", is not modifiable. (*Id.*) Appellant states that his Prepetition Letter could have simply said: "[c]lient retains Attorney to counsel and represent Client for the sole purpose of preparing and filing a Chapter 7 bankruptcy petition," and left the rest of the work to be covered by a postpetition contract (which was the parties' intention). (Dkt. 17 at *4.) Appellant argues, however, that this alternative language would have run the risk of being accused of violating Local Rule 2090-5(B) since it says: "An attorney who files a petition for a debtor is the debtor's attorney for all purposes in the bankruptcy case." (*Id.*)

In response, Appellee argues the record supports the bankruptcy court's finding that Appellant violated §§ 526(a)(2) and (a)(3) by asking the Debtors to enter into the conflicting Prepetition and

7

Postpetition Letters and by filing disclosures containing material misrepresentations. (Dkt. 16 at*10.) Appellee emphasizes that in each of his Prepetition Letters, Appellant agreed to perform all services through the course of his client's bankruptcy cases for $0-$430, but documented substantially higher fees in his Postpetition Letters, $1,500 -$3200, for the same services he previously agreed to provide in his Prepetition Letters. (Dkt. 16 at*10.) Appellee notes the bankruptcy court specifically stated, because Appellant obligated himself to prepare and file schedules and the statement of financial affairs in his Prepetition and Postpetition Letters, he did not clearly and conspicuously describe the specific services he was to render under each. Finally, Appellee argues that Appellant's incorporation of Local Rule 2090-5 in his contracts is irrelevant to the bankruptcy court's finding that Appellant's letters were confusing and inconsistent because he agreed to perform the same services twice – once for an agreed amount in his Prepetition Letters and once for substantially increased amounts in his Postpetition Letters. (Dkt. 16 at* 12-13.) Appellee concludes, it was the confusing and duplicative nature of his letters that caused the violations of §§ 526 and 528, not his inclusion of language from the Local Rule. (*Id.*)

As an initial matter, the Court find's irrelevant Appellant's emphasis that it was the U.S. Trustee, as opposed to any of his clients, who complained about the "confus[ing]" nature of his agreements. The U.S. Trustee has his mandate to oversee the administration of bankruptcy cases, *see* 28 U.S.C. §§ 581 – 589, regardless of whether a specific Debtor complains about a proceeding or services rendered. Regarding the language of the agreements themselves the Court does not see clear error in the bankruptcy court's factual determinations that Appellant's agreements were confusing for failing to timely disclose wage assignments, ACH agreements, or schedules of payments informing the Debtors what and when they had to pay. The confusing nature of his agreements can be evidenced by the discrepancies in his filings alone: one stated Appellant accepted $0 in compensation prepetition while also stating, in that same document, that the Debtor was charged $500 to cover a pre-filing legal

8

fee and $92 for expenses, Memorandum Opinion, Case No. 24-03730 at 12-13; another stated that a $3,200 flat fee covered all postpetition services, despite the Prepetition Letter stating that he would render all legal services for $0, Memorandum Opinion, Case No. 24-03393 at 6; and the final agreement stated that a $2,600 flat fee covered all postpetition services, despite the Prepetition Letter stating that he would render all legal services for $0, Memorandum Opinion, Case No. 24-03393 at 6.[1] After reviewing the record, the bankruptcy Court reasonably determined that Appellant omitted critical information in his Letters and Disclosures, making it difficult for the Debtors to tell if he was obligated to perform services under the Prepetition Letter or under his contracts for postpetition service. This Court agrees that these factual finding do not constitute clear error and affirms the rulings of the bankruptcy court.

## II.    Findings that Clients' Obligations Under the Postpetition Letters were Dischargeable

Appellant next asserts that the bankruptcy court erred by holding that it was unnecessary to determine the reasonable value of the services he rendered prior to determining those services were wholly dischargeable. (*See* Dkt. 15 at *12.) Appellant argues that because the Motions were also brought under § 329 of the Bankruptcy Code, the court was not authorized to declare his services "completely worthless." (*Id.* at *12.) Section 329(b) provides: "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive" to certain entities. Defendant argues that in these cases, the court should have valued his services prior to voiding his agreements, especially in light of the fact

---

[1] The Court finds the confusing and duplicative nature of Appellant's Prepetition and Postpetition Letters, concerning for an officer of the Court. Appellants actions, at best, arise from lax engagement letter contracting practices, and at worst, arise from improper intention to take advantage of debtor clients involved in the stressful process of obtaining a bankruptcy discharge. Appellant's practices, whether intentionally malicious or not, are the type that can lead to repercussions with the Attorney Registration and Disciplinary Commission. The Court is certain that after this experience the Appellant will take greater care in his professional practice.

that all of the three cases were successful on appeal and because Appellant actually performed the service of helping the Debtors accomplish their bankruptcy discharges. (*Id.*) While Appellee agrees that relief under § 329(b) requires a court to determine the value of the services counsel provided, the Appellee emphasizes that he sought relief not solely under § 329, but also under §§ 526 and 528. (Dkt. 16 at *13.) Because the bankruptcy court found the contracts to be void under § 526, Appellee argues, the Court was not required to determine the reasonableness of Appellee's fees pursuant to § 329. (*Id.*)

The Court agrees with Appellee that once the bankruptcy court found the contracts to be void under § 526, the court was not required to conduct a reasonable analysis. A contract that does not comply with this provision is void and may not be enforced by any federal or state court or by any other person, other than such assisted person. 11 U.S.C. § 526(c)(1). The Bankruptcy court's ruling determined Appellant did not have a right to charge, at all, for the services he rendered. Accordingly, the Court affirms the bankruptcy court's determination that it was not required to determine the reasonable value of contracts it declared void.

## III.     Finding that the Contract for Postpetition Services was a Prepetition Contract

Finally, Appellant asserts that the bankruptcy court's finding that his Postpetition Letter was actually a prepetition contract, was clearly erroneous because Ms. Jude-Weathersby's testimony was contradicted by the documentary evidence. (Dkt. 15 at *12.)

Because the bankruptcy court who tried the matter observed "variations in demeanor and tone of voice" of the witness, *Matter of Bonnett*, 895 F.2d 1155, 1157 (7th Cir. 1989), its credibility determination is due the "utmost deference." *In re Dordevic*, 67 F.4th 372, 384 (7th Cir. 2023). Ms. Jude-Weathersby testified that she agreed to pay Appellant the $3,200 at issue on the day she signed prepetition documents. *Id.* After hearing Ms. Jude-Weathersby's testimony, the bankruptcy Court determined she signed the Postpetition Letter when she signed the Prepetition Letter. Memorandum Opinion, Case No. 24-03393 at 13.

Appellant argues the prepetition agreement itself, which states "[i]t is anticipated that Client will enter into a post-filing agreement with Attorney for representation through bankruptcy discharge" and that "any anticipated fees are not agreed to at this time," contradicts Ms. Jude-Weathersby's testimony that she agreed to pay him the full amount that day. (Dkt 15 at *13.) Importantly, Appellant argues the Postpetition Letter clearly documents a 3/11/24 signature, as opposed the 3/4/24 signature on the Prepetition letter, evidencing that Ms. Jude-Weathersby did not execute the agreements on the same day. (*Id.* at *13-14.) Appellant emphasizes that the bankruptcy court did not explain why Ms. Jude-Weathersby's recollection, seven months after signing the documents, was more credible or reliable than the writing made seven months earlier. (*Id.*)

Appellee, by contrast, argues the bankruptcy court's finding that Ms. Jude-Weathersby's post-petition agreement to pay Mr. Wu was a prepetition agreement was not necessary to its determination that the contract was void. (Dkt. 16 at *14). The Court found the contract violative of § 526 because it was misleading and inconsistent; the decision to void the contract was not affected by the date on which Ms. Jude-Weathersby signed the Postpetition Letter. (*Id.* at *14-15.) In any case, Appellee argues, the bankruptcy court properly credited Ms. Jude-Weathersby testimony "that she signed the Contract for Postpetition Service when she signed the Attorney Retention Contract."

While the Court agrees with Appellant that the bankruptcy court should have explained why Ms. Jude-Weathersby's recollection seven months after signing the documents was more credible or reliable than the writing made seven months earlier, the Court agrees with Appellee that such a determination was not necessary to the court's decision to void his agreement with Ms. Jude-Weathersby. The inconsistencies between the Prepetition and Postpetition Letters were dispositive of whether the agreement would be void. The bankruptcy court's determination on whether the agreement was prepetition or postpetition, did not affect their determination that it was misleading

and violative of § 526. Accordingly, the Court need not displace the bankruptcy court's credibility determination.

**CONCLUSION**

The Court holds that the bankruptcy court did not err in holding that Appellant violated U.S.C. §§ 526 and 528 through his Attorney Retention Contracts and that the Debtor's obligations under the postpetition contracts were dischargeable. The Court affirms the bankruptcy court's rulings.

**IT IS SO ORDERED.**

Date: 5/13/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

12